FILED

SEP 1 1 2025

Clerk of the Appellate Courts
REc'd By _____ mBL


# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
## AT NASHVILLE
Assigned on Briefs April 10, 2025

# LAUREN TAYLOR v. JOHN AND STEPHANIE INGRAM, LLC, ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2020-06-0517    Kenneth M. Switzer, Judge**

_____

### No. M2024-01348-SC-R3-WC – Mailed June 20, 2025

_____

Lauren Taylor ("Employee") sustained a compensable injury on May 12, 2019, while working for John and Stephanie Ingram, LLC ("Employer"). The Court of Workers' Compensation Claims ("trial court") entered an order approving a settlement agreement on August 24, 2021. Giving rise to the instant appeal, Employee filed a motion to set aside the settlement agreement on January 24, 2024. The trial court denied the motion on two independent grounds. First, the trial court determined that the motion was not timely filed. Second, the trial court found that, even if the motion was timely, Employee had failed to show that relief was warranted. The Workers' Compensation Appeals Board ("Appeals Board") affirmed on both grounds. Employee has appealed and the appeal has been referred to the Special Workers' Compensation Appeals Panel pursuant to Tennessee Supreme Court Rule 51. We affirm.

### Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right;
### Decision of the Workers' Compensation Appeals Board Affirmed

ROY B. MORGAN, SR. J., delivered the opinion of the court, in which HOLLY KIRBY, C.J., and W. MARK WARD, SR. J., joined.

Lauren Taylor, Foristell, Missouri, appellant, pro se.

John W. Barringer, Jr. and Jenna M. Macnair, Nashville, Tennessee, for the appellees John and Stephanie Ingram, LLC and American Zurich Insurance Company.

# OPINION

## Factual and Procedural Background

Employee sustained significant injuries, including a traumatic brain injury, when she was kicked in the head by a horse on May 12, 2019, while working for Employer. Employee received medical care in Georgia where the Fulton County Probate Court initially appointed Employee's mother as her conservator and guardian. However, the Probate Court subsequently revoked the mother's appointment, finding it in Employee's best interest to appoint a temporary substitute conservator and guardian ad litem. The Probate Court appointed William Jenkins as Employee's temporary substitute conservator, giving him all the powers of a conservator. Acting as conservator, Mr. Jenkins retained attorney Jeffery Roberts to represent Employee with respect to her workers' compensation claims in Tennessee. The parties entered into a mediated settlement agreement, which the Court of Workers' Compensation Claims approved in an August 24, 2021 order.

Giving rise to the instant appeal, Employee filed a motion on January 24, 2024, to set aside the August 24, 2021 settlement order. Employee asserted that Employer and its insurer engaged in misconduct, including misleading the Probate Court in order to take away Employee's mother's decision-making authority so that they could control the workers' compensation settlement. Employee also asserted that she had capacity at the time of the settlement and that Mr. Roberts did not have authority to represent her. Employee further stated that a court in Missouri, where she now resides with her mother, had terminated her guardianship and conservatorship on October 25, 2022.

The trial court denied the motion to set aside the August 24, 2021 settlement order. The trial court explained that the motion is governed by Tennessee Rule of Civil Procedure 60.02, which generally requires that a motion be made "within a reasonable time," and within one year when based on allegations of fraud or misconduct by an adverse party. The trial court determined that if Employee regained capacity on October 25, 2022, the filing of the motion to set aside on January 24, 2024, was not timely under Rule 60.02. The trial court further found that, even if the motion had been timely filed, Employee had not provided the required clear and convincing evidence to show that relief is warranted. The trial court explained that Employee's allegations were that multiple individuals had

2

committed fraud to obtain a temporary substitute conservatorship appointment in the Probate Court, yet Employee had offered no compelling proof that any orders of that court were erroneous, void, or subject to reversal on appeal. Employee appealed, and the Workers' Compensation Appeals Board affirmed on both grounds.

In Employee's brief to this Court, she sets forth four issues for review:

Issue I: Did the Appeals Board err by affirming the Bureau of Workers' Compensation Claims' ("Bureau") settlement orders because the Bureau failed to follow the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act ("UAGPPJA") and failed to establish the authority or ability of the out-of-state temporary substitute conservator to settle a Tennessee workers' compensation claim?

> Sub-Issue A: Did the Bureau err by failing to obtain the necessary registered order and letters for an out-of-state guardianship or conservatorship at any point throughout the settlement proceedings?

> Sub-Issue B: Did the Bureau err by failing to require the Temporary Substitute Conservator to have matching order and letters?

> Sub-Issue C: Did the Bureau err by failing to require the Temporary Substitute Conservator to register with the Secretary of State?

> Sub-Issue D: Did the Bureau err by failing to require an out-of-state Temporary Substitute Conservator to have in-state co-fiduciary?

> Sub-Issue E: Did the Bureau err by not validating that an out-of-state Temporary Substitute Conservator had powers to settle Employee's lifetime award?

Issue II: Was the attorney supposedly representing Employee's interest ever hired by Employee or anyone with authority to act on Employee's behalf?

Issue III: Did the Bureau err by failing to ensure that Employee received substantially what she should have received under Tennessee workers'

3

compensation law?

Issue IV: Did the Bureau err by failing to acknowledge Employee's capacity?

Critically, Employee did not state as an issue whether the lower courts improperly found that her motion to set aside the settlement order was untimely. In response, Employer argued in its brief that, regardless of the issues raised by Employee, her motion to set aside the settlement remains untimely. In reply, Employee argued for the first time that her motion should not be subject to the reasonable time filing requirement because the underlying judgment is void.

**Analysis**

"[W]here a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." *Buckley v. Elephant Sanctuary in Tennessee, Inc.,* 639 S.W.3d 38, 55 (Tenn. Ct. App. 2021); *see also* 5 Am. Jur. 2d *Appellate Review* § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."). In addition, the Tennessee Supreme Court has repeatedly emphasized the importance of a brief's statement of issues, explaining that "appellate review is generally limited to the issues that have been presented for review." *Trezevant v. Trezevant,* 696 S.W.3d 527, 530 (Tenn. 2024) (quoting *Hodge v. Craig,* 382 S.W.3d 325, 334 (Tenn. 2012)); *see also* Tenn. R. App. P. 27(a)(4) (The brief of the appellant shall contain a statement of the issues presented for review.). Moreover, "[i]ssues raised for the first time in a reply brief are waived." *Hughes v. Tennessee Board of Probation and Parole,* 514 S.W.3d 707, 724 (Tenn. 2017).

Here, the trial court denied Employee's motion to set aside the settlement order on two independent grounds: (1) the motion was untimely, and (2) even if timely, Employee had not presented adequate grounds for relief. The Appeals Board affirmed on both grounds. However, Employee's statement of the issues failed to present for appellate review the timeliness of her motion. We recognize that Employee's brief was submitted pro se, but "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Sykes v. Sykes,* 647 S.W.3d 596, 611 (Tenn. Ct. App. 2021). Thus, we affirm on the grounds that

4

Employee's motion to set aside the settlement agreement was untimely, which was not properly challenged on appeal.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Appeals Board. Costs are taxed to Lauren Taylor, for which execution may issue if necessary.


ROY B. MORGAN, SENIOR JUDGE

5